Thomas A. Gerber, OSB No. 741133
Email: tom.gerber@tnslaw.net
Brent G. Summers, OSB No. 824060
Email: brent.summers@tnslaw.net
150 SW Harrison Street, Suite 200
Portland OR 97201
Phone: 503.968.9000
Fax: 503.968.9002

Of Attorneys for Thomas A. Huntsberger,
Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Berjac of Oregon,<br><br>Debtor.<br><br>Thomas A. Huntsberger, Trustee of the Chapter 7 Bankruptcy Estate of Berjac of Oregon,<br><br>Plaintiff,<br><br>v.<br><br>FRED W. HOLCOMB, an individual; and HOLCOMB JOINT TRUST acting by and through Fred W. Holcomb, Trustee or successor trustee,<br><br>Defendant. | Case No. 12-63884-tmr7<br><br>Adv. Proc. No. _____<br><br>COMPLAINT<br><br>(Avoidance and Recovery of:<br>1. Fraudulent Transfers – 11 USC §544(b) and ORS 95.200 to 95.310;<br>2. Fraudulent Transfers - 11 USC §548(a);<br>3. Preferential Transfers –<br>11 USC §547(b)(4)(B)<br>4. Alternative – Non-Insider Preferential Transfers – 11 USC §547(b)(4)(A); and<br>5. Recovery of Property - 11 USC § 550) |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this proceeding pursuant to 28 USC §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 USC § 157(b)(2)(A). Venue properly lies in this judicial district pursuant to 28 USC § 1409(a) because this is a civil proceeding arising in and/or related to the Chapter 7 (formerly Chapter 11) case currently pending in the

**Page 1 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr   Doc 1   Filed 08/22/14

Eugene Division of the United States Bankruptcy Court for the District of Oregon.

2. This adversary proceeding arises in the case of *Berjac of Oregon* ("Debtor"), U. S. Bankruptcy Court Case No. 12-63884-tmr7, under Chapter 7 of Title 11. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 31, 2012 ("Petition Date") and the case was converted to one under Chapter 7 on October 2, 2013.

## PARTIES

3. Plaintiff, Thomas A. Huntsberger (the "Plaintiff"), is the duly qualified and appointed Chapter 7 Trustee in the above-captioned bankruptcy estate.

4. Defendants Fred W. Holcomb is an individual residing in Oregon ("Defendant Holcomb").

5. Defendant Holcomb Joint Trust Under Agreement Dated June 6, 2000 ("Defendant Holcomb Trust") is a trust. Fred W. Holcomb, or the successor trustee as yet unknown, is the trustee of the Defendant Holcomb Trust. At all relevant times, Defendant Holcomb Trust was a trust for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

6. At all relevant times, Defendant Holcomb and his deceased wife, Betty Holcomb, were individuals for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or immediate or mediate transferees of such recoverable transfers. On information and belief, Defendant Holcomb Trust is liable for payment of all of the obligations of Betty Holcomb.

7. At all material times, each of the Defendants and Betty Holcomb were insiders within the meaning of 11 USC Section 101(31) and applicable law.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Debtor was used to operate a fraudulent financial business that received funds

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

from investors and used latter acquired funds from other investors to pay calls by previous investors, e.g. the business operated a Ponzi scheme.

9. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made while the Debtor was insolvent.

10. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made to or for the benefit of a creditor.

## FIRST CLAIM FOR RELIEF

### Ten-Year Pre-Petition Transfers

**(Avoidance of Fraudulent Transfers Pursuant to 11 USC §544(b) and the Oregon Uniform Fraudulent Transfer Act ORS 95.200 to 95.310 and Recovery Pursuant to 11 USC §550)**

11. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 10 above as though fully set forth herein.

12. A creditor existed that had extended credit to the Debtor as of the Petition Date, which creditor could have avoided the Ten-Year Pre-Petition Transfers as a matter of Oregon law.

13. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendants on or within ten (10) years prior to the Petition Date, that is, in the form of payments for the benefit of Defendants, including, but not limited to, the specific transfers from August 31, 2002 through and including August 30, 2012 shown in the table below (the "Ten-Year Pre-Petition Transfers").

| Date | No. | Name | Amount | Total |
|---|---|---|---|---|
| 09/22/2004 | 49708 | Fred W Holcomb | $20,000.00 | |
| 09/27/2004 | 49735 | Fred W Holcomb | 2,887.50 | |
| 07/03/2008 | 55560 | Fred W Holcomb | 17,500.00 | |
| 06/19/2009 | 0989 | FW HOLCOMB | 683.00 | |
| 07/13/2009 | 1107 | Fred W Holcomb | 100,000.00 | |

Page 3 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

| Date | No. | Name | Amount | Total |
|---|---|---|---|---|
| 08/10/2011 | 3211 | FW HOLCOMB | 150.00 | |
| 05/15/2012 | 3976 | 06-0154 FRED AND/OR BETTY HOLCOMB | 25,000.00 | |
| 06/08/2012 | 4031 | FW HOLCOMB | 25,000.00 | |
| 06/19/2012 | 4052 | 06-0154 FRED AND/OR BETTY HOLCOMB | 25,000.00 | |
| 07/17/2012 | 4117 | FRED W HOLCOMB | 726.00 | |
| 08/13/2012 | 4579 | Fred W Holcomb | 75,000.00 | |
| 08/16/2012 | 4195 | FRED AND/OR BETTY HOLCOMB | 25,891.00 | $317,837.50 |

The foregoing table is hereafter referred to as the "Table of Transfers to Defendants."

14. The Ten-Year Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

15. The Ten-Year Pre-Petition Transfers were made with the actual intent to hinder, delay, or defraud creditors of the Debtor.

16. Pursuant to 11 USC §544(b), the Trustee may avoid and recover any transfer of an interest of Debtor in property transferred to Defendants that is avoidable under applicable law (in this case under ORS 95.200 to 95.310) by a creditor holding an unsecured claim.

17. Interest on the Ten-Year Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

18. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the Ten-Year Pre-Petition Transfers to Defendants are avoided under 11 USC §544(b)(1) and ORS 95.200 to 95.310, plus pre-judgment and post-judgment interest, and costs of suit.

/////

/////

/////

**Page 4 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

## SECOND CLAIM FOR RELIEF

### Four-Year Pre-Petition Transfers

(Avoidance of Fraudulent Transfers Pursuant to 11 USC §544(b) and the Oregon Uniform Fraudulent Transfer Act ORS 95.200 to 95.310 and Recovery Pursuant to 11 USC §550)

19. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 18 above as though fully set forth herein.

20. A creditor existed that had extended credit to the Debtor as of the Petition Date, which creditor could have avoided the Four-Year Pre-Petition Transfers as a matter of Oregon law.

21. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendants on or within four (4) years prior to the Petition Date in the form of payments for the benefit of Defendants, including, but not limited to, the specific transfers occurring during the period August 31, 2008 through and including August 30, 2012 as shown in the Table of Transfers to Defendants (the "Four-Year Pre-Petition Transfers"). The Four-Year Pre-Petition Transfers are a subset of the Ten-Year Pre-Petition Transfers.

22. The Four-Year Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

23. The Debtor received less than a reasonably equivalent value in exchange for Four-Year Pre-Petition Transfers and the Debtor (1) was engaged in a business for which the remaining assets of the Debtor were unreasonably small in relation to the business or (2) intended to incur or believed or reasonably should have believed that the Debtor would incur debts beyond the Debtor's ability to pay as they become due.

24. The Four-Year Pre-Petition Transfers were made with the actual intent to hinder,

Page 5 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

delay, or defraud creditors of the Debtor.

25. Pursuant to 11 USC §544(b), the Trustee may avoid and recover any transfer of an interest of Debtor in property transferred to Defendants that is avoidable under applicable law (in this case under ORS 95.200 to 95.310) by a creditor holding an unsecured claim.

26. Interest on the Four-Year Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

27. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the Four-Year Pre-Petition Transfers to Defendants are avoided under 11 USC §544(b)(1) and ORS 95.200 to 95.310, plus pre-judgment and post-judgment interest, and costs of suit.

## THIRD CLAIM FOR RELIEF

### Two-Year Pre-Petition Transfers

**(Avoidance of Fraudulent Transfer Act Pursuant to 11 USC §548(a)(1) and Recovery Pursuant to 11 USC §550)**

28. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 18 above as though fully set forth herein.

29. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendants on or within two (2) years prior to the Petition Date in the form of payments for the benefit of Defendants including, but not limited to, the specific transfers occurring during the period August 31, 2010 through and including August 30, 2012 as shown in the Table of Transfers to Defendants ("Two-Year Pre-Petition Transfers"). The Two-Year Pre-Petition Transfers are a subset of the Ten-Year Pre-Petition Transfers.

30. The Two-Year Pre-Petition Transfers were transfers of monies by the Debtor,

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

and thus constitute transfers of interests of the Debtor's property.

31. The Two-Year Pre-Petition Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor.

32. The Debtor (i) received less than a reasonably equivalent value in exchange for the Two-Year Pre-Petition Transfers and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

33. Pursuant to 11 USC §548(a)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that was made or incurred on or within 2 years before the date of the filing of the petition, if (1) the transfer was made with actual intent to hinder, delay, or defraud creditors of Debtor or (2) if Debtor received less than a reasonably equivalent value, and (2) (I) Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (III) Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

34. Interest on the Two-Year Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

35. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the Two-Year Pre-Petition Transfers to

**Page 7 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

Defendants are avoided under 11 USC §548(a)(1), plus pre-judgment and post-judgment interest, and costs of suit.

## FOURTH CLAIM FOR RELIEF

### One-Year Pre-Petition Transfers

(Avoidance of Fraudulent Transfers Pursuant to 11 USC §544(b) and the Oregon Uniform Fraudulent Transfer Act ORS 95.200 to 95.310 and Recovery Pursuant to 11 USC §550)

36. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 18 above as though fully set forth herein.

37. A creditor existed that had extended credit to the Debtor as of the Petition Date, which creditor could have avoided the One-Year Pre-Petition Transfers as a matter of Oregon law.

38. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendants on or within one (1) year prior to the Petition Date in the form of payments for the benefit of Defendants, including, but not limited to, the specific transfers occurring during the period August 31, 2011 through and including August 30, 2012 as shown in the Table of Transfers to Defendants (the "One-Year Pre-Petition Transfers"). The One-Year Pre-Petition Transfers are a subset of the Ten-Year Pre-Petition Transfers.

39. The One-Year Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

40. The Debtor received other than a present reasonably equivalent value in exchange for One-Year Pre-Petition Transfers and the Debtor (1) was insolvent at the time of the transfers, and (2) the Defendants had reasonable cause to believe that the debtor was insolvent.

**Page 8 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

41. Pursuant to 11 USC §544(b), the Trustee may avoid and recover any transfer of an interest of Debtor in property transferred to Defendants that is avoidable under applicable law (in this case under ORS 95.200 to 95.310) by a creditor holding an unsecured claim.

42. Interest on the One-Year Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

43. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the One-Year Pre-Petition Transfers to Defendants are avoided under 11 USC §544(b)(1) and ORS 95.200 to 95.310, plus pre-judgment and post-judgment interest, and costs of suit.

## FIFTH CLAIM FOR RELIEF

### One-Year Pre-Petition Transfers

### (Avoidance of Insider Preferential Transfers

### Pursuant to 11 USC §547(b)(4)(B) and

### Recovery Pursuant to 11 USC §550)

44. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 as though fully set forth herein.

45. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made the One-Year Pre-Petition Transfers to the Defendants.

46. The One-Year Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

47. Plaintiff is informed and believes, and on that basis alleges, that the One-Year Pre-Petition Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendants within one year of the date the bankruptcy was filed.

48. Plaintiff is informed and believes, and on that basis alleges, that the One-Year

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

Pre-Petition Transfers, if validated, would enable the Defendants to receive more than the Defendants would have received had the transfers not been made and had the Defendants received distribution from the estate pursuant to the Bankruptcy Code.

49. Interest on the One-Year Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

50. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the One-Year Pre-Petition Transfers to Defendants are avoided under 11 USC §547(b)(4)(B), plus pre-judgment and post-judgment interest, and costs of suit.

## SIXTH CLAIM FOR RELIEF

### Ninety-Day Pre-Petition Transfers

**(Alternative Claim for Relief of Ninety-Day Pre-Petition Transfers if Defendant Determined a Non-Insider Pursuant to 11 USC §547(b)(4)(B) and Recovery Pursuant to 11 USC §550)**

51. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 18 above as though fully set forth herein.

52. The Ninety-Day Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

53. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendant on or within ninety (90) days prior to the Petition Date in the form of payments for the benefit of Defendant including, but not limited to, the specific transfers occurring during the period June 1, 2012 through and including August 30, 2012 as shown in the Table of Transfers to Defendants (the "Ninety-Day Pre-Petition Transfers"). The Ninety-Day Pre-Petition Transfers are a subset of the Ten-Year

Page 10 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

Pre-Petition Transfers.

54. Interest on the Ninety-Day Pre-Petition Transfers has accrued and continues to accrue from the date each of the Ninety-Day Pre-Petition Transfers was made at the legal rate of interest until paid.

55. The Ninety-Day Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

56. Plaintiff is informed and believes, and on that basis alleges, that the Ninety-Day Pre-Petition Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant.

57. Plaintiff is informed and believes, and on that basis alleges, that the Ninety-Day Pre-Petition Transfers were made while the Debtor was insolvent. Moreover, pursuant to 11 USC § 547(f), the Debtor is presumed to have been insolvent at the time of each of the Ninety-Day Pre-Petition Transfers.

58. Plaintiff is informed and believes, and on that basis alleges, that the Ninety-Day Pre-Petition Transfers, if validated, would enable the Defendants to receive more than the Defendants would have received had the transfers not been made and had the Defendants received distribution from the estate pursuant to the Bankruptcy Code.

59. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the Ninety-Day Pre-Petition Transfers made to Defendants are avoided under 11 USC §547(b)(4)(B), plus pre-judgment and post-judgment interest, and costs of suit.

### SEVENTH CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 USC § 550)

60. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 as though fully set forth herein.

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-

61. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers. Each Defendant is the initial transferee of the Pre-Petition Transfers, or the individual or entity for whose benefit the Pre-Petition Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Pre-Petition Transfers, or any of them. Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 USC § 550, to the extent that a transfer is avoided pursuant to 11 USC §§ 544, 547 and 548, from the initial transferee of such transfer or the entity for whose benefit such transfer was made, or, any immediate or mediate transferee of such initial transferee.

62. Pursuant to 11 USC §550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the pre-petition transfers made to Defendants are avoided under 11 USC §547(b)(4)(B), plus pre-judgment and post-judgment interest, and costs of suit.

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

A. **On Plaintiff's First Claim for Relief**: For judgment that the Ten-Year Pre-Petition Transfers are avoidable transfers under 11 USC §544(b) and the Oregon Uniform Fraudulent Transfer Act ORS 95.200 to 95.310, and the Plaintiff is entitled to recover the proceeds or value of the transfers pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

B. **On Plaintiff's Second Claim for Relief**: For judgment that the Four-Year Pre-Petition Transfers are avoidable transfers under 11 USC §544(b) and the Oregon Uniform Fraudulent Transfer Act ORS 95.200 to 95.310, and the Plaintiff is entitled to recover the proceeds or value of the transfers pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

C. **On Plaintiff's Third Claim for Relief**: For judgment that the Two-Year

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Pre-Petition Transfers are avoidable transfers under 11 USC §548(a) and the Plaintiff is entitled to recover the proceeds or value of the transfers pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

D. **On Plaintiff's Fourth Claim for Relief**: For judgment that the One-Year Pre-Petition Transfers are avoidable transfers under 11 USC §544(b) and the Oregon Uniform Fraudulent Transfer Act ORS 95.200 to 95.310, and the Plaintiff is entitled to recover the proceeds or value of the transfers pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

E. **On Plaintiff's Fifth Claim for Relief:** For judgment that the Plaintiff is entitled to avoid the One-Year Pre-Petition Transfers under 11 USC §547(b)(4)(B) and the Plaintiff is entitled to recover the proceeds or value of the transfers pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

F. **Alternatively, Plaintiff's Sixth Claim for Relief**: For judgment that the Plaintiff is entitled to avoid the Ninety-Day Pre-Petition Transfers under 11 USC §547(b)(4)(A) and the Plaintiff is entitled to recover the proceeds or value of the transfers pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

G. **On Plaintiff's Seventh Claim for Relief**: For judgment that the Plaintiff is entitled to avoid the conversion of property or the value thereof from the Defendant pursuant to 11 USC §550, plus the Plaintiff is entitled to recover the proceeds or value of the property converted pursuant to 11 USC §550, plus pre-judgment and post-judgment interest, and costs of suit.

/////

/////

/////

/////

**Page 13 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr    Doc 1    Filed 08/22/14

H. For such other and further relief as the Court deems just and proper.

Dated this 22nd day of August, 2014.

        TARLOW NAITO & SUMMERS, LLP


        /s/Brent G. Summers
        Brent G. Summers, OSB No. 824060
        Of Attorneys for Trustee

**Page 14 of 14 – COMPLAINT (Avoidance and Recovery of Fraudulent - Preferential Transfers)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.1713 003 pld complaint v.4 clean.doc\Thomas A/8/22/2014-*

Case 14-06158-tmr  Doc 1  Filed 08/22/14