Laura J. Walker, OSB No. 794329
E-mail address: lwalker@cablehuston.com
Donald J. Koehler, II, OSB No. 130313
Email address: dkoehler@cablehuston.com
CABLE HUSTON LLP
1001 SW 5th Avenue, Suite 2000
Portland, OR  97204-1136
Telephone:  (503) 224-3092
Facsimile:   (503) 224-3176

       Of Attorneys for Fred W. Holcomb and
       Holcomb Joint Trust

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>BERJAC OF OREGON,<br><br>     Debtor. | Case No. 12-63884-tmr7 |
| THOMAS A. HUNTSBERGER, Trustee of the Chapter 7 Bankruptcy Estate of Berjac of Oregon,<br><br>     Plaintiff,<br><br>   v.<br><br>FRED W. HOLCOMB, an individual; and HOLCOMB JOINT TRUST acting by and through Fred W. Holcomb, Trustee or successor trustee,<br><br>     Defendant. | Adv. Proc. No. 14-06158-tmr<br><br>**DEFENDANTS' MOTION TO DISMISS** |

**CERTIFICATION PURSUANT TO LBR 7007-1**

     The undersigned confirms that I conferred with opposing counsel prior to filing this motion. Detailed voice mail messages were left for Thomas Gerber and Brent Summers on the

Page 1 – **MOTION TO DISMISS**

29261.005\4829-5065-3982.v1

morning of September 4, 2014 regarding the intention to file a motion under BR 7012(b)(6) and requesting legal authority for the Plaintiff's first claim for relief. An email message to Mr. Gerber and Mr. Summers also requested a conference call on the issue. I conferred with Mr. Gerber regarding the motion. Mr. Summers is out of town for a three week period. Mr. Gerber indicated that it is unlikely that this issue can be resolved by agreement of the parties and we should proceed with filing the motion to present the legal issue to the court.

Defendants move to dismiss Plaintiff's First Claim for Relief pursuant to BR 7012(b)(6) for failure to state a claim upon which relief can be granted, and for lack of standing. Defendants further move to dismiss Plaintiff's Second and Fourth Claims for Relief for lack of standing.

### STANDARD

When deciding whether to grant a motion under FRCP 12(b)(6), the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F2d 1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 US 662, 129 SCt 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F2d 1242, 1245 (9th Cir. 1988).

### ARGUMENT

Plaintiff's First Claim for relief seeks to recover payments during a 10 year look back period, but relies on the Uniform Fraudulent Transfer Act ("UFTA"), ORS Chapter 95, and 11 USC §§ 544(b) and 548. The statute of limitations under the Uniform Fraudulent Transfer Act ("UFTA") does not extend for 10 years. ORS 95.280. Section 544(b) of the Bankruptcy Code permits a trustee to "avoid any transfer" that is voidable under applicable law by a creditor holding an unsecured allowable claim. 11 USC §544(b). The trustee's ability to use state law to avoid fraudulent transfers is no different from that held by unsecured creditors. The statute of limitations for such claims is limited to four years pursuant to the UFTA, or in the case of transfers made with actual intent to hinder, delay or defraud creditors, one year after the transfer

was or could reasonably have been discovered by the creditor . ORS 95.280.

The first, second and fourth claims for relief fail to identify the creditor in whose shoes Plaintiff purports to act under Section 544(b). The basis for pursuing recovery of payments 10 years prior to the bankruptcy is unclear. Plaintiff may be seeking to exercise authority granted to the Internal Revenue Service ("IRS") to permit collection of tax obligations. However, that is not recited in the Complaint. Plaintiff may rely on the one year discovery rule in the Oregon Uniform Fraudulent Transfer Act, ORS 95.280, assuming there is a creditor entitled to invoke the discovery rule. But again, that is not recited in the Complaint, nor is an actual creditor identified. Because plaintiff fails to identify a creditor entitled to pursue claims based on the discovery rule, the allegations set forth in Plaintiff's First, Second and Fourth Claims for Relief are insufficient to state a claim for relief and fail to establish that Plaintiff has standing to bring a claim under Section 544(b).

1. **Plaintiff May Not Rely on IRS powers to Extend the Statute of Limitations under the UFTA**

At least one bankruptcy court has rejected a Trustee's attempt to use the IRS's ten year look back period to extend the statute of limitations. *In re Vaughan Company*, 498 BR 297 (Bankr. D.N.M. 2013).[1] In that case, the Trustee requested leave to amend her complaint to recover transfers over a ten year time period. *Id* at 300. Like Oregon, New Mexico's UFTA has a four year statute of limitations. The trustee in *Vaughan* relied on Bankruptcy Code Section 544(b) which provides that the trustee may avoid any transfer of an interest of the debtor in property that is "voidable under applicable law by a creditor holding an unsecured claim." *Id.* at

---

[1] For similar reasons, the 11th Circuit rejected an attempt to extend the statute of limitations in *In re Bendetti*, 131 Fed.Appx. 224 (11th Cir. 2005). The Eleventh Circuit refused to allow a Trustee to utilize the six-year statute of limitations of the Federal Debt Collections Procedure Act (28 USC § 3306(b)) to pursue fraudulent transfer claims, holding that it could not "apply the six-year statute of limitations to Trustee just because an arguable debt is owed to the United States" and that "the statute of limitations barred the Trustee's actions because they were brought more than four years after Debtor made the transfers at issue." *Id*. at 226-27.

302. The Trustee in *Vaughan* contended that because the IRS was an unsecured creditor, the ten-year look back period afforded the IRS pursuant to Section 6502 of the Internal Revenue Code was the applicable statute of limitations. *Id*. While acknowledging the fact that other courts have permitted the trustee to extend the statute of limitations using this argument, the court in *Vaughan* rejected that approach, denying the Trustee's Motion to Amend as futile. *Id*. at 303, 307. The *Vaughan* court noted, "Section 544(b) is meant to incorporate state law, not to subordinate it." *Id*. at 305. Noting that the IRS holds an unsecured claim in numerous bankruptcy cases, the court stated, "If a bankruptcy trustee or debtor in possession could recover transfers made within ten years before the petition date, it would eviscerate the UFTA's four-year look back period in most bankruptcy cases." *Id*. "Based on the text of Section 544(b), the Court is unwilling to draw an inference that Congress intended such a dramatic change in the law." *Id*. at 305-06. Indeed, if Congress intended to dramatically alter the statute of limitations for claims under the UFTA, it could have easily done so. For example, Section 548(e)(1) of the Bankruptcy Code provides a ten-year look back period for transfers made to self-settled trusts for the Debtor's benefit. 11 USC §548(e)(1).

    This case can also be distinguished from cases permitting the trustee to extend the statute of limitations, because the IRS is not a creditor in this case. Courts that have permitted the trustee to employ a 10 year look back period have required, as a necessary pre-requisite, that the IRS actually hold an allowable claim in the underlying bankruptcy case as of the date of the filing of the petition. *See, In re Porras*, 312 BR 81, 97 (Bankr. W.D.Tex 2004)(Trustee entitled to "stand in the shoes" of the IRS since the IRS had an unsecured claim against the estate); *In re Republic Windows & Doors, LLC*, 2011 WL 5975256, *9 (Bankr. N.D.Ill. 2011)(Trustee may only utilize 10-year look back period if the IRS holds an allowable claim against the estate); *In re Polichuk*, 2010 WL 4878789, *3 (Bankr. E.D.Pa. 2010)(IRS must be an actual creditor of the debtor as of the commencement of the case); *In re Greater Southeast Community Hosp. Corp. I*, 365 BR 293, 307 (Bankr. D.Dist.Col. 2006)(to use the 10-year look back period it must be

established that the IRS was holding an allowable unsecured claim on the debtor's petition date); *In re Emergency Monitoring Technologies, Inc.,* 347 BR 17, 18-19 (Bankr. W.D.Pa. 2006)(Trustee permitted to use 10-year look back period because the IRS was an unsecured creditor of debtor as of the date of debtor's bankruptcy petition filing).

Schedules filed in this case listed the IRS as a precautionary creditor with a zero balance. (Dkt. 60). The IRS did not file a proof of claim and is not an unsecured creditor of Berjac. Therefore, even if the court adopted a more liberal interpretation of section 544, the trustee could not utilize the 10 year look back period in this case, and Plaintiff's First Claim for Relief should be dismissed.

**2. Without Identification of an Actual Creditor, Plaintiff Lacks Standing to Bring an Action under Section 544(b)**

Plaintiff seeks to recover various payments under Section 544(b)(1) of the Bankruptcy Code which provides: ". . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor *that is voidable* under applicable law *by a creditor holding an unsecured claim that is allowable* . . ." 11 USC § 544(b)(1). For the trustee to establish standing to bring a claim under section 544(b), there must be at least one unsecured creditor with an allowable claim as of the bankruptcy petition date who could avoid the transfer under applicable state law. *In re Petters Co., Inc.*, 495 BR 887, 900-01 (Bankr D Minn 2013).

Plaintiff's First Claim for Relief alleges: "A creditor existed that had extended credit to the Debtor as of the Petition Date, which creditor could have avoided the Ten-Year Pre-Petition Transfers as a matter of Oregon law." Compl. ¶12. Paragraph 20 of the Complaint includes similar allegations: "A creditor existed that had extended credit to the Debtor as of the Petition Date, which creditor could have avoided the Four-Year Pre-Petition Transfers as a matter of Oregon law." Compl. ¶ 20. Plaintiff's Fourth Claim for Relief also includes a similar allegation:

"A creditor existed that had extended credit to the Debtor as of the Petition Date, which creditor could have avoided the One-Year Pre-Petition Transfers as a matter of Oregon law." Compl. ¶ 37.  The broad and vague references to "a creditor" are insufficient to establish standing to bring a claim relying on section 544(b).

There is a split among the courts as to whether the Trustee is required to disclose a predicate creditor by name. A thorough discussion and analysis of this issue is provided by the court in *In re Petters*, 495 BR at 896-901.  Some courts allow the Trustee to merely allege that such a creditor exists, based on a relaxed notice pleading standard and the position that the existence of such a creditor is a fact to be determined at trial. *See, In re Musicland Holding Corp.*, 398 BR 761, 781 (Bankr SDNY 2008).

Other courts, taking into consideration the federal pleading standards resulting from the US Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 US 544, 127 SCt 1955 (2007) and *Ashcroft v. Iqbal*, 556 US 662, 129 SCt 1937 (2009), require the Trustee to actually identify the existing creditor, based on the need to provide defendants "with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1148 (CD Cal 2003)(quoting *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F.Supp. 1033, 1037 (ND Cal 1991)).  As noted by the court in *In re Petters Co., Inc.*, "it is not to be taken for granted that such a creditor exists. . . . And, . . . 'a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative.' It is not to be taken on a trustee's bare assertion that a predicate creditor is out there somewhere." 495 BR at 809-10 (quoting *Twombly*, 550 US at 545, 127 SCt 1955).  Plaintiff's bare allegations that an unidentified creditor exists is

nothing more than a recitation of the provisions of Section 544(b).

Those allegations do not provide Defendants sufficient information from which to answer the Complaint, much less prepare a defense. FRCP 8(a) requires: "a short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of notice pleading is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Marino*, 37 F.3d 1354, 1357 (9th Cir 1994)(quoting *Conley v. Gibson*, 355 US 41, 47-48, 78 SCt 99 (1957)). "[T]he policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of claim satisfies the requirements of the Federal Rules." *Id*. Plaintiff's failure to name the creditor is insufficient under FRCP 8(a)(2) and is fatal to his standing to bring a claim under Section 544(b). Therefore Plaintiff's First, Second and Fourth Claims for Relief should be dismissed.

## CONCLUSION

The court should follow the reasoning in *Vaughan* and reject Plaintiff's effort to extend the statute of limitations to recover fraudulent transfers. In any event, because the IRS was not an unsecured creditor of Debtor as of the petition date, the extended look back period is not available to the Trustee. Further, Plaintiff's allegations are insufficient to give Plaintiff standing to bring a claim pursuant to Section 544(b). Plaintiff's First Claim for Relief should be dismissed for failure to state a claim for relief based upon BR 7012(b)(6), and Plaintiff's First, Second and Fourth Claims for Relief should be dismissed for lack of standing.

DATED this 11th day of September, 2014.

                CABLE HUSTON LLP

                By: */s/ Laura J. Walker*
                    Laura J. Walker, OSB No. 794329
                    Of Attorneys for Fred W. Holcomb and
                    Holcomb Joint Trust

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2014, I served the foregoing **DEFENDANT'S MOTION TO DISMISS** on all ECF participants through the Court's Case Management/Electronic Case File system.

DATED this 11th day of September, 2014.

        CABLE HUSTON LLP

By: */s/ Laura J. Walker*
    Laura J. Walker, OSB No. 794329
    Of Attorneys for Fred Holcomb and Holcomb Joint Trust

4829-5065-3982, v. 1